Scott H. Bernstein, Esq.  
Law Offices of Scott H. Bernstein LLC  
101 Eisenhower Parkway, Suite #300  
Roseland, New Jersey 07068  
Telephone: (862) 245-2667  
Email: scott@scottbernsteinlaw.com

Hearing Date and Time:  
12/18/24 @ 10:30 a.m.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

In re:                                        Chapter 11

   NEW YORK'S PREMIER GROUP LLC,        Case No.: 24-11304-1-rel

                                 Debtor.        Related Docket Nos.: 3 & 35

------------------------------------------------------------x

**LIMITED OBJECTION OF AMERICAN BUILDERS**
**& CONTRACTORS SUPPLY CO., INC. D/B/A ABC SUPPLY CO., INC.**
**TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER APPROVING**
<u>**THE DEBTOR'S USE OF CASH COLLATERAL ON A FINAL BASIS**</u>

American Builders & Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc. ("<u>ABC</u>"), by and through its undersigned counsel, hereby submits this limited objection to the motion of debtor New York's Premier Group LLC (the "<u>Debtor</u>") for entry of an Order approving the Debtor's use of cash collateral on a final basis [Docket No. 3]. In support of this limited objection, ABC respectfully represents as follows:

### I.    PRELIMINARY STATEMENT

ABC has no objection to the Debtor's continued use of cash collateral to operate its construction business on an interim basis. However, ABC objects to the proposed treatment on a final basis of the Debtor's cash and account receivables which are derived from its construction business (1) as property of the Debtor's bankruptcy estate within the meaning of section 541 of the Bankruptcy Code; (2) as the purported collateral of the Debtor's Purported Cash Collateral Creditors (as defined in the Interim Cash Collateral Order [Docket No. 35] (the "<u>Interim Order</u>"));

(3) as a source of funds which may be used to make adequate protection payments to the Debtor's Purported Cash Collateral Creditors which are not subject to a claw back in the event that the monies used to fund the adequate protection payments are determined to be trust funds within the meaning of Article 3-A of the New York Lien Law; and (4) as assets which can become the subject of the Rollover Liens (as defined in the Interim Order) in favor of the Debtor's Purported Cash Collateral Creditors.

As the grounds for this limited objection, ABC submits that the Debtor's cash and accounts receivable ***do not*** become property of the Debtor's bankruptcy estate or subject to the interests of the Debtor's perfected secured creditors (if any) in accounts receivable until the claims of trust beneficiaries under Article 3-A of the New York Lien Law have been satisfied in the entirety from those assets traceable to the improvements to which they contributed as subcontractors and materialmen.

## II.    BACKGROUND

1. On November 25, 2024 (the "Petition Date"), the Debtor filed its Voluntary Petition for Relief [Docket No. 1] (the "Petition") in the United States Bankruptcy Court for the Northern District of New York (the "Court").

2. In Section 7 of the Petition, the Debtor uses NAICS Code 2381 - Foundation, Structure, and Building Exterior Contractors – to describe itself.  Likewise, on the Petition Date, the Debtor admitted that (1) "[t]he Debtor's revenue is derived from fees earned from roofing, siding, and window contracting" (*Declaration of Johnathan Vincent in Support of First Day Relief and Petition*, ¶ 10 [Docket No. 8]) and (2) "[t]he Debtor provides roofing contracting services to both commercial and residential clients." *Id.* at ¶ 13.

3. On the Petition Date, the Debtor filed its List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders [Docket No. 1] (the "Top 20 List").

4. Through the Top 20 List, the Debtor stated its belief that ABC is a general unsecured creditor holding a claim in the amount of $239,087.00 against the Debtor and its bankruptcy estate. ABC believes it will file a proof of claim in a significantly larger amount prior to the bar date established for creditors to file proofs of claim in the Debtor's bankruptcy case and ABC intends to identify itself in the proof of claim as a trust fund beneficiary under Article 3-A of the New York Lien Law.

5. Other subcontractors and materialmen listed on the Top 20 List include Beacon Roofing Supply with a claim in the amount of $52,855.00, Curtis Lumber with a claim in the amount of $118,697.00, Erie Materials with a claim in the amount of $661,720.00, Lansing Building Products with a claim in the amount of $24,942.13, LM Construction Corp. with a claim in the amount of $6,355.00, R.P. Construction & Services Corp. with a claim in the amount of $12,800.00, and Shesho Construction Inc. with a claim in the amount of $12,911.00.

6. On December 6, 2024, the Court entered the Interim Order whereby, among other things, it set a deadline of December 11, 2024 for creditors and parties in interest to file objections and responses to the Debtor's request for authority to use cash collateral on a final basis and scheduled a final hearing on the Debtor's use of cash collateral for December 18, 2024.

### III.    LIMITED OBJECTION

7. Under Bankruptcy Law, property that the debtor holds as nominee or trustee or in name only, without any indicia of beneficial ownership, is not property of a debtor's estate. *See Begier, Jr. v. Internal Revenue Service*, 496 U.S. 53, 59 (1990) (property held by the debtor in trust for another is not "property of the estate"). Specifically, the cash and accounts receivable

that a debtor holds as a trustee under Article 3-A of the New York Lien Law is not property of the estate under the Bankruptcy Code, but rather property of the trust beneficiaries. *See, e.g., Coyne Electrical Contractors, Inc. v. United States (In re Coyne Electrical Contractors)*, 244 B.R. 245, 253 (Bankr. S.D.N.Y. 2000); *Scherling v. Hellman Electric Corp, (In Re Westchester Structures, Inc.)*, 181 B.R. 730, 736-737 (Bankr. S.D.N.Y. 1985) (holding that Lien Law Article 3-A trust funds are not property of the estate); *In Re Durwell Heating & Air Conditioning Contractors Corp.*, 78 B.R. 667, 670-71 (Bankr. E.D.N.Y. 1987) (holding that "a prior perfected secured creditor in accounts receivable is not entitled to its interest in that collateral until trust beneficiaries under Article 3-A of the N.Y. Lien Law have been satisfied in full from those assets traceable to the improvements to which they contributed as subcontractors"); *Bezner v. United Jersey Bank (In re Midway, Inc.)*, 166 Bankr. 585, 592 (Bankr. D.N.J. 1994) (applying New York law) (holding that "[t]he debtor's interest in the account receivable is limited to what remains after the claims of the statutory trust beneficiaries are satisfied"); *Aquilino v. United States*, 10 N.Y.2d 271, 282 (N.Y. 1961) (holding that the statutory trust placed on a contractor's assets to the benefit of its subcontractors required their payment in full before any liens against the contractor could be satisfied and that "a contractor does not have a sufficient beneficial interest in the moneys, due or to become due from the owner under the contract, to give him a property right in them, except insofar as there is a balance remaining after all subcontractors and other statutory beneficiaries have been paid").

8.      As more fully described in the aforementioned decisions, New York law imposes a trust on funds received by a general contractor from a property owner in connection with the improvement of real property. *See* New York Lien Law § § 70-79-a. That trust arises at the time a subcontract is entered into and remains in effect until all statutory beneficiaries -- subcontractors,

4

architects, engineers, surveyors, laborers and materialmen -- are paid for services rendered in connection with the improvement of real property. *See* New York Lien Law § 71(2)(a).

9. Here, ABC and the other subcontractors and materialmen listed in the Top 20 List are statutory beneficiaries of the Article 3-A Lien Law trusts which are imposed on the funds which the Debtor receives from its customers for improvements made to the customers' real properties. Consequently, ABC and other materialmen and subcontractors who are beneficiaries of the Article 3-A Lien Law trusts are entitled to have their interests in the trust proceeds recognized in full, prior to any distribution of estate property to the Debtor and the Debtor's creditors, including but not limited the Debtor's Purported Cash Collateral Creditors. Nor should the Article 3-A Lien Law trust proceeds be used to fund the Debtor's proposed adequate protection payments to the Debtor's Purported Cash Collateral Creditors or become the subject of the proposed Rollover Liens in favor of the Debtor's Purported Cash Collateral Creditors.

10. Although ABC files this limited objection, ABC recognizes the Debtor's desire to continue operating its business and that the Debtor filed its Petition approximately two weeks ago. As such, ABC does not object to the Debtor's continued use of the bankruptcy estate's cash and accounts receivable on an interim basis pursuant to cash collateral budgets which are circulated in advance to parties in interest.

### IV. **RESERVATION OF RIGHTS**

11. ABC reserves all rights under Article 3-A of the New York Law and all rights with respect to the Debtor's motion for use of cash collateral, including the right to supplement this limited objection or raise further arguments at the final hearing or any other hearing on the cash collateral motion. Nothing contained in or omitted from this limited objection constitutes an admission or stipulation by ABC with respect to any alleged claims against the Debtor or the

amount, priority validity, or enforceability of any alleged claims of any other creditor against the Debtor.

## V. CONCLUSION

For the foregoing reasons, the Debtor's request to use cash collateral on a final basis should not be approved and the Debtor should be allowed to continue to use cash collateral on an interim. For the same reasons, (1) any adequate protection payments to the Debtor's Purported Cash Collateral Creditors should be subject to a claw back if it subsequently determined that they are not secured creditors or the monies used to fund the adequate protection payments are trust funds within the meaning of Article 3-A of the New York Lien Law and (2) the Rollover Liens should not be granted to the Debtor's Purported Cash Collateral Creditors.

Dated: Roseland, New Jersey
       December 9, 2024

Respectfully submitted,

LAW OFFICES OF SCOTT H. BERNSTEIN LLC
*Attorney for American Builders & Contractors Supply Co., Inc. d/b/a ABC Supply Co., Inc.*

By: */s/ Scott H. Bernstein*
    Scott H. Bernstein
    101 Eisenhower Parkway, Suite #300
    Roseland, New Jersey 07068
    Telephone: (862) 245-2667
    scott@scottbernsteinlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed on December 9, 2024 with the Clerk of Court using CM/ECF. I also certify that (1) the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and (2) a subsequent Certificate of Service will be filed evidencing service by First Class Mail of the foregoing document in accordance with paragraph 18 of the Court's Interim Cash Collateral Order [Docket No. 35].

*/s/ Scott H. Bernstein*
Scott H. Bernstein